# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| John Robert Demos, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| | ) | |
| vs. | ) | |
| | ) | |
| The United States, et. al., | ) | Case No. 1:19-cv-020 |
| | ) | |
| Defendants. | ) | |

On February 4, 2019, the plaintiff, John Robert Demos, Jr. ("Demos") filed the following: (1) a "Motion for Relief from the 1-23-2019 Directive of the Clerk of Court;" (2) a "Motion for Review of a Constitutional Issue;" (3) a motion for leave to proceed in forma pauperis; and (4) a motion for appointment of counsel. On February 19, 2019, he filed notice of his consent to the magistrate' judge's exercise of jurisdiction and motion to amend the pleadings. For the reasons set forth below, the "Motion for Relief for the 1-23-2019 Directive of the Clerk of Court" is deemed moot, the motions for appointment of counsel and for leave to proceed in forma pauperis, are denied, and the above-entitled action is dismissed without prejudice.

**I.  BACKGROUND**

Demos is incarcerated in the Monroe Correctional Complex in Monroe, Washington. He initiated the above-entitled action on January 23, 2019, with the submission of a "PLRA packet." The "PLRA packet" contained a "Motion and Petition for Review of a Constitutional Crisis" in which Demos asserted: (1) the United States Constitution discriminates on the basis of gender by virtue of the fact that it is devoid of any female pronouns; (2) Article III of the United States Constitution is "impermissibly and unconstitutionally vague;" (3) Article III and the Sixth Amendment to the United States Constitution "conflict and clash;" and (4) sections of Article I

1

and III of the United States Constitution "are unconstitutionally and impermissibly vague as to the types of punishment that can be imposed if peached and convicted, and if one is convicted of treason." (Doc. No. 5).

On January 23, 2019, the Clerk's office sent a request to Demos to complete his "PLRA packet" as the one he had submitted was missing, amongst other things, requests for waivers of service of summonses and either the civil filing fee or motion for leave to proceed in forma pauperis.

On February 4, 2019, Demos filed a "Motion for Review of a Constitutional Issue," a motion for leave to proceed in forma pauperis, and motion for court-appointed counsel. He also filed a "Motion for Relief from the 1-23-2019 Directive of the Clerk of Court." That same day the Clerk's office filed Demos' "PLRA packet."

On February 19, 2019, Demos filed notice of his consent to the magistrate judge's exercise of jurisdiction. He also filed a "Motion to Amend the Complaint."

## II.   DISCUSSION

### A.   "Motion for Relief from the 1-23-2019 Directive of the Clerk of Court"

The motion for relief from the Clerk of Court's directive (Doc. No. 2) to complete the "PLRA packet" is deemed **MOOT** as the Clerk's office has filed Demos' "PLRA packet." Demos' motion for court-appointed counsel is denied.

### B.   Motion for Appointment of Counsel

Indigent civil litigants do not have a constitutional or statutory right to appointed counsel let alone the appointment of their choice of counsel. Ward v. Smith, 721 F.3d 940, 942 (8th Cir. 2013). The court "may request an attorney to represent any person unable to afford counsel" and has considerable discretion when deciding whether to do so. Id. at 924-43 (quoting 28 U.S.C. §

2

1915(e)(1)). Several factors are relevant when deciding whether to appoint counsel, including "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991). Appointment of counsel should be given serious consideration if the plaintiff has not alleged a frivolous or malicious claim. Id.

Having reviewed the record while keeping in mind the factors identified by the Eighth Circuit in Abdullah, I find that appointment of counsel is not warranted as Demos' claims that the United States Constitution is discriminatory and otherwise unconstitutional are nonsensical.

### C. Motion to Proceed In Forma Pauperis

The Prison Litigation Reform Act of 1995 prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." 28 U.S.C. § 1915(g). A prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury." Id

Demos is a renowned abusive litigant. See Demos v. United States Attorney General, et. al., No. MC10-54, 2010 WL 1980310 (W.D. Wash. 2010) ("[Demos] is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court."). A cursory review of the online resources available has revealed that Demos has filed dozens of civil actions in federal courts throughout the United States that were dismissed as frivolous or for failure

to state a claim. See id.; see also Demos v. Doe, 2006 WL 891447 (D.N.J. 2006) (citing approximately twenty-seven cases in which district courts dismissed Demos' complaints as frivolous or for failure to state a claim); Demos v. John Doe, et. al., 118 F.Supp. 2d 172, 173 (D. Conn. 2000) ("Given plaintiff's propensity to file frivolous litigation in courts across this country, it is not difficult to find at least 'three strikes' including, but not limited to Demos v. Greenspan, Slip Opinion, 96-CV1826 (Aug. 5, 1996) (D.D.C.); Demos v. John Doe, et. al., Slip Opinion, 3:94CV2719 (Dec. 19, 1994) (N.D. Tex); Demos v. Shalala, 1994 WL 238840 (D.D.C.1994); Demos v. United States, 927 F.2d 608 (9th Cir. 1991); Demos v. Browning, 943 F.2d 55 (9th Cir. 1991); Demos v. Crossland, 967 F.2d 585 (9th Cir. 1992); Demos v. Time Magazine, 977 F.2d 588 (9th Cir.1992); Demos v. Kincheloe, 563 F.Supp. 30, 31 (E.D. Wa. 1982); Demos v. United States District Court for the Eastern District of Washington, 925 F.2d 1160 (9th Cir. 1991)."). Thus, Demos has accumulated "three strikes" for PLRA purposes.

Demos submissions are devoid of any plausible allegation that he is in any imminent danger of serious physical injury. His motion to proceed in forma pauperis is therefore **DENIED** pursuant to the 28 U.S.C. § 1915(g) and this action is **DISMISSED** without prejudice. The court need not address Demos' "Motion for Review of Constitutional Issue" and "Motion to Amend the Complaint."

### III.    CONCLUSION

Demos' "Motion for Relief from the 1-23-2019 Directive of the Clerk of Court" (Doc. No. 2) is deemed **MOOT**. Demos' motion for court appointed counsel (Doc. No. 4) and motion to proceed in forma pauperis (Doc. No. 6) are **DENIED**. This matter is **DISMISSED** without prejudice.

Dated this 21st day of February, 2019.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court